FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re matter of ICJ, an infant under the age of 16, <br><br> KERRY JONES, <br>     Petitioner, <br> v. <br> CASSANDRA FAIRFIELD, <br>     Respondent. | No. 2:20-CV-00475-SAB <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Petitioner's Motion for Reconsideration Pursuant to FRCP 60(b), ECF No. 25. Petitioner Jones ("Jones") is represented by Robert Michaels and Grant Courtney. Respondent Cassandra Fairfield ("Fairfield") is represented by Kenneth Zigler and Joanna Puryear. The Court has determined that oral argument is not warranted. *See* LR 7.1(i)(3)(B)(iii).

On January 17, 2021, the Court denied Jones' Verified Petition for the Return of A Child Pursuant to the Hague Convention and ICARA. ECF No. 23. On February 19, 2021, Jones filed his Motion for Reconsideration, asking the Court to reconsider its ruling that Jones was not exercising his custody rights because Fairfield and their child were living in a homeless shelter as she did not have the funds to pay for other lodging, therefore because he was not exercising his custodial rights at the time of the retention, the retention and removal of the child

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

to the United States was not wrongful; and to reconsider its ruling that if the child were ordered to be returned to France there is a grave risk the return would place the child in an intolerable situation.

## Motion Standard

Jones is bringing this motion under Fed. R. Civ. P. 60(b)(1), (3), and (6). Under Fed. R. Civ. P. 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include:

(1) mistake, inadvertence, surprise, or excusable neglect;

. . .

(3) fraud . . . misrepresentation, or misconduct by an opposing party; or

(6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) is a "catchall provision" that applies when a party gives a reason for granting relief from a final judgment or order that is not covered by any of the other reasons set forth in Rule 60(b). Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). To prevail, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

A Rule 60(b) motion is not an avenue to relitigate the same issues and arguments upon which the Court already has ruled. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995).

## Analysis

In his motion, Jones presents the same evidence the Court already considered when it denied his Petition. He has not shown that a mistake, inadvertence, surprise, or excusable neglect has occurred, has not shown that

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**


Fairfield engaged in fraud, misrepresentation, or misconduct, and has not convinced the Court that it erred in its findings of fact and conclusions of law. To the extent it was not clear in its order, the Court finds by clear and convincing evidence that if the child were ordered to be returned to France there is a grave risk that the return would place the child in an intolerable situation, given that Jones has attempted suicide, threatened to blackmail Fairfield, cut off her and their child's financial support, and he viewed child pornography in the presence of their child.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Reconsideration Pursuant to FRCP 60(b), ECF No. 25, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel and **close** the file.

**DATED** this 23rd day of March 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**